PRESIDENT, DIRECTORS, &c. OF THE WASHINGTON BANK
vs, SAMUEL A. SHURTLEFF.

A. guarantied payment of notes and bills of exchange which a bank might discount for B. during one year, to the amount of $ 3000 only in the whole : The bank discounted ten notes for B., at different times during the year, amounting in the whole to $ 3605, which notes were not paid by the makers or indorsers; and notice of non-payment was given to A., as the notes severally fell due : In a suit by the bank against A. on his guaranty, it was *held* that he was liable, not for the gross sum of $ 3000, but for a sum not exceeding that amount on the notes discounted, and also for interest on the several notes, after they fell due and notice of non-payment was given him. *Held also*, that A., on paying the notes to said amount, and interest, would be entitled to have them delivered to him for his use and benefit; and that, as the first eight notes amounted to $ 2782·29, and the ninth note was for $ 460, the bank would be trustee of A. in the sum of $ 217·71, part of said note.

THIS was an action of covenant broken, founded on the following obligation :  " Whereas the Washington Bank has been in the habit of discounting, from time to time, notes and acceptances offered for discount by William D. Ticknor ; and whereas the said bank may not always be satisfied with the paper so offered for discount, and in consequence of which the said William D. Ticknor may often be disappointed in not obtaining such discounts as may be required in his business : Now there fore, I Samuel A. Shurtleff of Boston, Physician, in consideration of the premises and of one dollar to me paid by the Washington Bank, the receipt whereof is hereby acknowledged, do hereby guaranty to the President, Directors and Company of

said Washington Bank, the full payment of all such notes, bills of exchange, acceptances, or paper evidences of debt, which may, from time to time, within one year from the date of these premises, be offered by said Wm. D. Ticknor to said bank and actually discounted by said corporation ; provided, however, that in no event shall I be answerable for any sum exceeding three thousand dollars in the whole ; it being also understood, that this is to be considered a standing guaranty to said bank, for the time and for the sum aforesaid, notwithstanding said Wm. D. Ticknor may have, from time to time, paid or re ceived notes and acceptances or other paper evidences of debt discounted as aforesaid. " In witness whereof, I have hereunto set my hand and seal the first day of December, in the year of our Lord one thousand eight hundred and thirty four. S. A. Shurtleff. (Seal.)"

The case was submitted to the court on the following agreed statement of facts : After the defendant executed the foregoing obligation, the plaintiffs, from time to time, discounted paper for William D. Ticknor therein mentioned, to a large amount. Said Ticknor afterwards failed ; and at the time of his failure was indebted to the plaintiffs as indorser of ten notes, amount- ing in all, without interest, to $3605·37, which were discounted by the plaintiffs for him during the time covered by the defend- ant's said obligation. The several parties to said notes were duly notified, when the same became due and payable, and the defendant was notified of the default of said Ticknor, as each of said notes became due. All said notes are now in the pos- session of the plaintiffs, unpaid.

No tender has ever been made by the defendant to the plain- tiffs of any sum as the amount due on his said obligation ; but the defendant has been ready and willing and has offered to pay the sum of $3000, on the condition that the plaintiffs woulu deliver up to him the same amount of the said notes. This the plaintiffs have refused to do ; and they claim of the defendant the amount of said obligation, with interest from the time of the notice of Ticknor's defaults. They also claim the right to re- tain all the said notes, for the purpose of securing to themselves

the balance due thereon from Ticknor, over and above the said $ 3000 ; said notes being of some value.

The plaintiffs have always been ready to deliver all said notes to the defendant, on his paying them the amount thereof ; but the defendant has declined paying the full amount.

The defendant will receive, on the assignment of said Ticknor, about 20 per cent. of the $ 3000.

It was agreed by the parties, that if the court should be of opinion that the defendant, on paying the sum found due on his said obligation, is entitled in equity to $ 3000 in amount of said notes, or any other portion of them, such notes shall be delivered to him by the plaintiffs ; but that if the court should be of opinion that the plaintiffs are entitled to hold all the said notes as security for the balance due to them from said Ticknor, over and above the $ 3000, then said notes shall be so retained by them.

Judgment to be rendered for the plaintiffs, for such amount of principal and interest, as is legally and equitably due on the defendant's said obligation.

*Cooke,* for the plaintiffs.

*T. P. Chandler,* for the defendant, cited *Mayhew* v. *Crickett,* 2 Swanst. 191. *Ex parte Rushforth,* 10 Ves. 409. *Paley* v. *Field,* 12 Ves. 435. *Hayes* v. *Ward,* 4 Johns. Ch. 123. *Bardwell* v. *Lydall,* 7 Bing. 489. *Norris* v. *Ham,* 1 R. M. Charlt. 267. 1 Story on Eq. § 638.

HUBBARD, J.* The contract between these parties presents the simple case of creditor and surety ; and in the construction to be given to it, we are to regard it as coming within the well established rule of law, that a surety, on paying the debt of the principal, is entitled to be substituted in the place of the creditor, with the same right to avail himself of any security for the debt, which is placed in the hands of the creditor — whether consisting of real or personal estate, or choses in action. The rights and duties of the parties appear to us to be the same in principle, as if the defendant had been the last indorser on the

---

* The chief justice did not sit in this case.

several notes, to an amount not exceeding $ 3000. If this had been the precise situation of the parties, and the defendant had paid the notes as they severally fell due, he certainly would have been entitled to a delivery of them for his own benefit. That the plaintiffs gave this construction to the contract, we think is manifest from the notice which they gave to the defendant at the time when the first note became due, and when no other note, discounted for Ticknor and embraced under the defendant's guaranty, was actually payable ; and also from the subsequent notices. And we do not perceive that the non-payment of the notes by the defendant, at the times, respectively, when he received notice of their dishonor, varies or affects the legal rights of the parties.

It is said, however, that in such case there will be a difficulty in deciding which notes belong to the defendant, and which to the plaintiffs. But we think such difficulty does not exist. It is true that the plaintiffs might discount notes for Ticknor, during the existence of the contract with the defendant, beyond the sum of $ 3000, and might receive payment therefor ; and the plaintiffs could have determined, at the time of making the loans, to which of them the guaranty of the defendant should apply. But we are of opinion, that giving the notice to the defendant, as the notes were severally dishonored, fixed the liability of the defendant to those particular notes, till their amount became equal to $ 3000, and that the notes beyond that amount, and falling due afterwards — whatever may have been their date — belong exclusively to the plaintiffs, as well as any security speccially appropriated to the payment of those notes.

Adopting this mode of settling the rights of these parties, a question arises, in what manner interest shall be cast on the guaranty of the defendant. And as to this, we are of opinion that the obligation is, not to pay the round sum of $ 3000, but an amount not exceeding that sum, on notes or acceptances discounted by the plaintiffs, from time to time, for Ticknor ; and consequently, that as each note fell due and notice was given to the defendant, he became fixed, under his guaranty, for the pay ment of the same, with interest if the payment should be de-

layed.   The plaintiffs will therefore be entitled to cast interest on the several notes, up to the amount of $ 3000 of principal, from the times they were payable ; and this interest is to be added to the $ 3000.   For this amount the plaintiffs will be entitled to judgment ; first deducting, however, any payments which may have been made to them upon said notes :   And on receiving satisfaction for the same, they will be bound to deliver the said notes to the defendant for his own personal use, without account to the plaintiffs.

It appears, on inspecting the schedule of the notes, that, taken in their order, they will not make the precise sum of $ 3000. The eight first notes amount to $ 2782·29, and the next note, being $ 460, we are of opinion, that on the satisfaction of the judgment now to be rendered in this action, the plaintiffs will be trustees of the defendant, in the sum of $ 217·71, part of the note for $ 460 ; and the balance of the note, being $ 242·29, will belong to the plaintiffs.   Any amount, therefore, recovered by the plaintiffs on that note, will belong to them, to the amount of $ 242·29 and interest, and the balance to the defendant.

Judgment will be entered for the plaintiffs for the amount to be ascertained as above directed.